**Robert E. Franz, Jr.**     **OSB #73091**
E-Mail:  rfranz@franzlaw.comcastbiz.net
**Elizabeth S. Moseley**     **OSB # 095893**
E-Mail:  rfranz@franzlaw.comcastbiz.net
LAW OFFICE OF ROBERT E. FRANZ, JR.
P.O. Box 62
Springfield, OR 97477
Telephone:  (541) 741-8220
Facsimile:   (541) 741-8234
  **Attorneys for Defendant City of Ashland**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **Cathy DeForest, Leon Pyle** and **Edward Kerwin,** | Case No. 11-3159-CL |
| Plaintiffs, | **Answer to Plaintiffs' Complaint** by Defendant City of Ashland |
| v. | |
| **City of Ashland** (a municipal subdivision of the State of Oregon) **Ashland Gun Club, Inc.**, (a Domestic Non Profit Corporation) and **Chuck Partier, Bill Longiotti, Rick Georgeson, Lee Tuneberg, Mel Winner, Raymond Renteria** and **Jerry Wisdom** (board members of the Ashland Gun Club | **Cross-Claim Against Ashland Gun Club, Inc.** **Demand for Jury Trial** |

Page 1  - Answer and Cross-Claim by Defendant City of Ashland

Inc.), as individuals,

>Defendants.

COMES NOW Defendant City of Ashland, by and through its attorneys, the Law Office of Robert E. Franz, Jr., and for answer to the complaint of plaintiffs', hereby alleges as follows:

1.

Defendant City of Ashland admits that it is a municipal corporation and public body; that it leases property it owns known as 555 Emigrant Creek Road to the Ashland Gun Club, Inc.; that on August 31, 2011, it received a letter dated August 29, 2011, and the letter speaks for itself; that the date of the Complaint is more than sixty days from August 31, 2011; that defendants don't have a NPDES permit because a permit is not required by the City as a lessor; that the Ashland Gun Club, Inc. operates a shooting range that includes the use of various weapons and has at least one rifle range, pistol range, and shotgun range.

2.

Defendant City of Ashland denies each and every other allegation of Plaintiffs' Complaint for the reasons that they are either not true, or that the allegations are improper opinions and conclusions of law, or for the reason that many of the allegations are the improper pleading of evidence, or for the reason that as of this date, defendant does not have sufficient information to form a belief as to the truth or falsity of the allegations; and therefore, must deny them at this time.

• • • • • • • • • • •

FOR ITS FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

/ /

3.

Plaintiffs' claims, or a portion thereof, are barred by the statute of limitations, or other statutes, rules, or laws which limit or prescribe the time in which plaintiffs had to give notice; initiate state and federal administrative proceedings, file and serve a complaint, summons, or lawsuit; contest; or present the issues raised in their complaint on file herein.

• • • • • • • • • • • •

FOR ITS SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

4.

Plaintiffs' state law claims result from an act or omission of an officer, employee or agent of the defendant, when such officer, employee or agent was immune from liability; therefore the City of Ashland is immune from liability.

• • • • • • • • • • • •

FOR ITS THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

5.

Plaintiffs' state law claims are based upon the Defendant's performance of, or its failure to exercise or perform a discretionary function or duty; therefore, Defendant is immune from liability.

• • • • • • • • • • • •

FOR ITS FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

6.

Plaintiffs' state law claims are barred as to both Defendants under Oregon's Recreational Land Act.

• • • • • • • • • • • •

Page 3 - Answer and Cross-Claim by Defendant City of Ashland

FOR ITS FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

7.

Plaintiffs' federal claims are barred by the Second Amendment to the United States Constitution.

• • • • • • • • • • •

FOR ITS SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

8.

Plaintiffs' claims of taking are not ripe since plaintiffs have failed to establish in state court that they have not received just compensation from the City of Ashland.

• • • • • • • • • • •

FOR ITS SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

9.

Plaintiffs lack standing to bring all or portions of their claims.

• • • • • • • • • • •

FOR ITS EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

10.

The plaintiffs' state law claims are barred by ORS 467.131 to ORS 467.136.

• • • • • • • • • • •

FOR ITS NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

/ /

/

11.

Plaintiffs' state law claims are barred by plaintiffs' failure to timely serve a tort claim notice.

• • • • • • • • • • •

FOR ITS TENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

12.

Plaintiffs' claims should be reduced or barred because the cause of the damages, referred to in their complaint on file herein were caused by their own fault and negligence in building and fencing off their property and using devises in such a manner to scare off wildlife and destroying the beauty of the natural land surrounding the area, and in moving and building on the property when they knew of the Gun Club and its activities.

• • • • • • • • • • •

FOR ITS ELEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

13.

Plaintiffs' state law claims are barred by the doctrine of coming to the nuisance.

• • • • • • • • • • •

FOR ITS TWELFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

14.

All or a portion of the damages suffered by plaintiffs resulted from their own conduct, acts, and decisions; therefore, plaintiffs can not recover damages from defendant to the extent that such damages resulted from such conduct and decisions.

• • • • • • • • • • • •

FOR ITS THIRTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

15.

Defendants have obtained prescriptive rights and easement for the activities of the Gun Club.

• • • • • • • • • • • •

FOR ITS FOURTHEETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

16.

Defendants have obtained any property allegedly trespassed upon by adverse possession.

• • • • • • • • • • • •

FOR ITS FIFTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

17.

On the date of the filing of the lawsuit by the plaintiffs and continuing to this date, no violation of the laws referred to in Plaintiffs' Complaint has taken place; thus, the plaintiffs can not now maintain this lawsuit

• • • • • • • • • • • •

FOR ITS SIXTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

18.

Plaintiffs' claims, or a portion thereof, are barred by the statute of limitations, or other statutes, rules, or laws which limit or prescribe the time in which plaintiffs had to give notice; file and serve a complaint, summons,

or lawsuit; contest; or present the issues raised in their complaint on file herein.

* * * * * * * * * * *

FOR ITS SEVENTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

19.

Plaintiffs' claims are barred by the statute of ultimate repose.

* * * * * * * * * * *

FOR ITS EIGHTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

20.

Plaintiffs' claims are barred by the doctrine of laches.

* * * * * * * * * * *

FOR ITS NINETEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

21.

Plaintiffs' claims or portions thereof should be dismissed pursuant to the Younger Abstention Doctrine.

* * * * * * * * * * *

FOR ITS TWENTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

22.

Plaintiffs' claims or portions thereof should be dismissed pursuant to the Pullman Abstention Doctrine.

* * * * * * * * * * *

FOR ITS TWENTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

23.

On Plaintiffs' state law claims, plaintiffs are not entitled to any damages that are not allowable under ORS 30.270, and can not obtain any economic damages upon any theory requiring a special relationship since there is no special relationship between the City and the plaintiffs.

• • • • • • • • • • •

FOR ITS TWENTY-SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

24.

Oregon law does not provide for a civil remedy for damages for the claims made in Count 9 of Plaintiffs Complaint.

• • • • • • • • • • •

FOR ITS TWENTY-THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

25.

All or portions of plaintiffs' claims and counts fails to state sufficient facts upon which relief can be granted and fails to state sufficient facts to constitute any claim against the City of Ashland. In addition, said complaint asserts damages not recoverable under the alleged legal theory of the counts, or not recognized to be recoverable under Oregon or federal law.

• • • • • • • • • • •

FOR ITS TWENTY-FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, the City of Ashland alleges:

26.

The shooting range referred to in plaintiffs' complaint on file herein is necessary for providing a place to use, bear, and test firearms for the public, hunters, police officers, National Forensic Laboratories, National Guard, and

Reserve Units, free of charge, and it is a socially desirable project; therefore, any trespass or nuisance caused by the shooting range is privileged.

• • • • • • • • • • •

FOR CROSS-CLAIM AGAINST DEFENDANT ASHLAND GUN CLUB, INC. Defendant City of Ashland alleges:

### COUNT ONE (BREACH OF LEASE AGREEMENT-Insurance)

27.

Effective July 1, 2010, the City of Ashland and the Ashland Gun Club, Inc. have been operating under a lease agreement for the lease of land owned by the City of Ashland, a portion of which is involved in this litigation.

28.

In the Lease Agreement, Defendant Ashland Gun Club, Inc. agreed as follows:

> 7.1. Liability Insurance. Lessee, at its sole cost and expense, commencing on the Effective Date, and continuing during the lease term, shall procure, pay for and keep in full force and effect comprehensive commercial general liability policy (occurrence version) in a responsible company with coverage for Bodily Injury and property damage liability, personal and advertising injury liability, blanket contractual liability, contractual liability for obligations assumed under this Agreement, and medical payments with a general aggregate limit of not less than $2,000,000 per occurrence for combined single limit bodily injury and property damage claims, or $500,000 per occurrence for bodily injury and $250,000 per occurrence for property damage. Such insurance shall cover all risks arising directly or indirectly out of Lessee's activities on the Property or any condition of the Property. Such insurance shall name Lessor as an additional insured. Certificates evidencing such insurance and bearing endorsements requiring 10 days written notice to Lessor before any change or cancellation of the

Page 9 - Answer and Cross-Claim by Defendant City of Ashland

policy shall be furnished to Lessor before Lessee's occupancy of the property.

29.

The Ashland Gun Club, Inc. has breached the above portion of the Lease Agreement in that it has failed to purchase insurance that covers all risks arising directly or indirectly out of its activities on the property, and it failed to purchase blanket contractual liability and contractual liability insurance for the obligations it assumed under the Agreement, such obligations owed to the City of Ashland. As a result, the City of Ashland now faces financial exposure for the activities of the Gun Club, exposure that it would not be facing had the Ashland Gun Club not breached section 7.1 of the Lease Agreement. In addition, the City of Ashland will be faced with the possibility that it will have to pay attorney fees and costs in defending this action which it otherwise would not have faced had the Gun Club not breached Section 7.1, and the City has been damaged to the extent set forth in this paragraph.

30.

If City of Ashland is required to pay any damages in this lawsuit, then the City is entitled to damages from the Ashland Gun Club, Inc. in the same amount. Further, the City of Ashland is entitled to damages for all costs and attorney fees it has to pay to defend this lawsuit.

31.

Defendant City of Ashland is also entitled to its attorney fees in prosecuting this cross-claim as set forth in Section 13.2 of the Lease Agreement.

/ /

/

## COUNT TWO (Contractual Indemnification)

32.

Effective July 1, 2010, the City of Ashland and the Ashland Gun Club, Inc. have been operating under a lease agreement for the lease of land owned by the City of Ashland, a portion of which is involved in this litigation.

33.

In the Lease Agreement, Defendant Ashland Gun Club, Inc. agreed as follows:

> 7.2. **Indemnification**. To the fullest extent permitted by law, Lessee shall indemnify, defend, and hold Lessor harmless from, and reimburse Lessor for, any cost, claim, loss, Bodily Injury (including injury resulting in death), or liability that is suffered directly or from a third-party claim arising out of, or related to: 1) any activity of Lessee, or any agent, contractor, servant, invitee, licensee or employee of Lessee on the Property, 2) any condition of the Property in the possession or under the control of Lessee, 3) an act or omission of Lessee or any agent, contractor, servant, invitee, licensee or employee of Lessee, or 4) any failure by Lessee to perform all of its obligations under environmental laws, including any failure to perform during Lessee's previous occupation of the Property, or 5) any breach by Lessee under this Agreement. Lessor shall have no liability to Lessee for any injury, loss, or damage caused by third parties, or by any condition of the Property, unless it is caused in whole or in part by Lessor's negligence.
>
> This obligation to indemnify shall survive termination of the lease and include reasonable attorneys' fees, including attorneys' fees on appeal, and investigation costs and all other reasonable costs ;expenses and liabilities incurred by Lessor or its attorney from the first notice that any claim or demand is to be made or may be made. In case that an action or proceeding is brought against Lessor because of such claim, Lessee, upon notice from Lessor, agrees to defend such action or proceeding by hiring counsel reasonably satisfactory to Lessor.

Page 11 - Answer and Cross-Claim by Defendant City of Ashland

34.

Upon receipt of this lawsuit by plaintiffs, the City of Ashland tendered the defense of the action to Ashland Gun Club, Inc. Ashland Gun Club, Inc. has refused to accept the tender and has refused to hire an attorney satisfactory to the City to defend this lawsuit brought by the plaintiffs.

35.

As a result of the Ashland Gun Club, Inc.'s breach of the lease and failure to defend and hold the City of Ashland harmless from the claims and suit of the plaintiffs', the City of Ashland has been damaged and is entitled to recover from the Ashland Gun Club, Inc. any money awarded to the plaintiffs together with an award of attorney fees, costs, disbursements, and expert fees incurred by the City of Ashland in defending the plaintiffs' lawsuit.

• • • • • • • • • • • • • • •

**WHEREFORE**, having fully answered Plaintiffs' Complaint on file herein, Defendant City of Ashland prays that Plaintiffs' Complaint be dismissed, and that Defendant City of Ashland have judgment in its favor, and against plaintiffs:

1. For its costs and disbursements incurred herein;

2. For conveyance of the title to the property referred to in Plaintiffs' Complaint; and,

3. For conveyance of an easement to use the property referred to in Plaintiffs' Complaint by the City as a shooting range;

AND FURTHER, pursuant to its cross-claim against Defendant Ashland Gun Club, Inc., Defendant City of Ashland prays for judgment in its favor and against Defendant Ashland Gun Club, Inc. for indemnification and damages of the amount of any judgment that is entered against Defendant City of Ashland in favor of the plaintiffs, together with reasonable attorney fees, investigative costs,

expert fees and other costs and disbursements incurred by Defendant City of Ashland in the defense of the lawsuit filed by the plaintiffs and for the prosecution of Defendant City of Ashland's Cross-Claim.

DATED: Tuesday, February 21, 2012.

Respectfully submitted,

BY: _____
LAW OFFICE OF ROBERT E. FRANZ, JR.
**Robert E. Franz, Jr.**
OSB #73091
(541) 741-8220
**Attorneys for Defendant City of Ashland**

**Jury Trial Demand**

Defendant City of Ashland hereby demands
trial by jury pursuant to FRCP 38(b).

_____
Robert E. Franz, Jr.     OSB #73091
Attorneys for Defendant City of Ashland

Page 13 - Answer and Cross-Claim by Defendant City of Ashland

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANT CITY OF ASHLAND; CROSS-CLAIM AGAINST ASHLAND GUN CLUB, INC.; DEMAND FOR JURY TRIAL on Plaintiffs and Codefendants on Tuesday, February 21, 2012, by notice of electronic filing using the CM/ECF System:

>Mr. Thomas N. Dimitre
>Thomas Dimitre Attorney at Law
>P. O. Box 801
>Ashland OR  97520
>>Attorney for Plaintiffs

>Mr. Joseph E. Kellerman
>Hornecker Cowling Hassen
>717 Murphy Road
>Medford OR  97504
>>Attorney for Defendants Ashland Gun Club, Inc.
>>Chuck Partier, Bill Longiotti, Rick Georgeson,
>>Lee Tuneberg, Mel Winner, Raymond Renteria,
>>and Jerry Wisdom

Dated: Tuesday, February 21, 2012.

_____
LAW OFFICE OF ROBERT E. FRANZ, JR.
Robert E. Franz, Jr.      OSB #73091
P.O. Box 62
Springfield, Oregon 97477
E-Mail:  rfranz@franzlaw.comcastbiz.net
Telephone: (541) 741-8220
Facsimile: (541) 741-8234
Of Attorneys for Defendant City of Ashland

I hereby certify that this
document is a true and
correct copy of the original.