IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CATHY DEFOREST, LEON PYLE, AND                    Civ. No. 1:11-cv-03159-CL
EDWARD KERWIN,

     Plaintiffs,

                                       **OPINION AND ORDER**

    v.

CITY OF ASHLAND, ASHLAND GUN CLUB,
et al.,

     Defendants.

_____

CLARKE, Magistrate Judge.

Plaintiffs move for evidentiary sanctions under Federal Rule of Civil Procedure 37 (Dckt. # 94-2), and move to strike of portions of defendants' declarations associated with summary judgment proceedings. Dckt. # 110. Defendant the City of Ashland also requests attorney fees pertaining to the matter. Dckt. # 102. For the reasons set forth below, Plaintiffs' motions are DENIED. The City's request for attorney fees is also DENIED.

## BACKGROUND

The Complaint was filed on December 23, 2011. Dckt. # 1. Plaintiffs served a Request for Production on the Gun Club and City in early 2012. The parties had some early settlement discussions, and Defendants produced some documents relating to lead reclamation and clean up.

Plaintiffs did not file a Motion to Compel.   The Court vacated pretrial proceedings on  August 25, 2013 to allow the parties to engage in further settlement talks. Dckt. #21.  The attorneys and parties attended numerous settlement conferences and mediations with a retired federal district judge and a magistrate judge between March 2012 and November 2015.  The Court would not expect formal discovery to continue during the stay as the goal was to limit costs while a settlement was sought.    Magistrate Judge Coffin scheduled a further settlement conference on November 24, 2015, in Eugene. Dckt. #44.  He had invited representatives from the Oregon DEQ to participate.  Shortly before the conference, Plaintiffs' counsel indicated he and his clients would not be attending due to inclement weather.

Plaintiffs instead filed and the court granted a Motion to return the case to active status on November 25, 2015. (Dckt. # 46).  Plaintiffs' counsel, rather than following up on or completing any remaining discovery or filing any motions to compel, concurrently filed a Motion for Summary Judgment.   Dckt. # 47.  Plaintiffs' Motion included numerous attachments and exhibits. Dckt. # 48-61.  On March 1, 2016, defendants responded and filed cross motions for summary judgment (Dckt. # 73), with associated declarations with a relatively small number of documents attached. Dckt. # 74-87, 91-92.

Plaintiffs then filed Notice and a concurrent Motion for Evidentiary Sanctions on March 15, 2016.  Dckt. # 94-1, 94-2.    Plaintiffs' counsel alleges that, despite the case stay, the lead reclamation and reuse information set out in the defendants declarations should have been produced sooner as a supplement to the earlier discovery request by Plaintiffs.    The Court agreed to take the matter under advisement during a May 17, 2016 telephone conference.  Dckt. #11.

///

## ANALYSIS

**I.    Plaintiffs' Motion for Rule 37 Evidentiary Sanctions (Dckt. # 94-2)**

### a.  Standards

Fed. R. Civ. P. 37(c)(1) addresses a party's failure to disclose or supplement discovery. The rule states: "If a party fails to provide information or identify a witness as required by FRCP 26 (a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." FRCP 37(c)(1). The rule is self-executing, but the court has discretion in imposing sanctions. *Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Exclusion of evidence is not mandatory in the Ninth Circuit; instead, the District Court has "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This is because "evidence exclusion is, or at least can be, a harsh sanction." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (citing *id.*).

Award of additional sanctions under FRCP 37(c), such as attorney fees, is also discretionary. *Nat'l Hockey League v. Met. Hockey Club, Inc.*, U.S. 639 (1976); *see* also *Yeti*, 50 F.3d at 1106. Here the court may consider the party's entire course of conduct throughout the proceedings. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771-22 (9th Cir 1995) (reviewing conduct of parties throughout discovery and preliminary proceedings in allowing Rule 37 sanctions).

### 1.  Gun Club Declarations

Plaintiffs assert that the Gun Club defendant failed to supplement discovery requests under Fed. R. Civ. P. 26(e). Pls.' Mot. R. 37 Sanctions, p 4-5 (Dckt. #94-2). Plaintiffs' preamble

Page 3 -- **OPINION AND ORDER**

infers that they challenge *all* of the Gun Club's declarations submitted in conjunction with summary judgment motions. *Id.* at 1. However, the substance of plaintiffs' argument and associated citations to the record address the Gun Club's discovery responses regarding lead reclamation and recycling efforts only. *Id.* at 3-8; Pls.' Reply, pp. 2-6 (Dckt. # 107). The court therefore restricts its review to these issues, as Plaintiffs neither identify nor develop further arguments.

### i.      Factual and Procedural History

In 2012, Plaintiffs sent the Gun Club requests for production relating to lead reclamation and other matters. The Gun Club responded to Plaintiffs' First Request for Production ("RFP") on May 22, 2013. Pls.' "Ex. 5" (Dckt. # 95-4). Pretrial motion deadlines were repeatedly vacated and deferred throughout 2012, 2013, and 2014.

Plaintiffs now note that their 2012 RFP "made thirty-three requests," citing their own "Exhibit 5." Pls.' Mot., 4 (Dckt. # 94-2).      On March 1, 2016, in responding to Plaintiffs' November 2015 Motion for Summary Judgment, the Gun Club submitted numerous declarations. Dckt. # 76-87. Plaintiffs now move to strike portions of the declarations submitted by Bill Longiotti (Dckt. #83), Cory Longiotti (Dckt. #84), David Morris (Dckt. #85), Bob Morris (Dckt # 86), Bob Smoot (Dckt. # 87) Brian Fuller (Dckt. #76), Ken Casteel (Dckt. #79), Chuck Gettling, and Gary Peterson (Dckt. #78). Pls.' Mot. 6-9. Plaintiffs make no effort to describe to the Court what information therein the Gun Club allegedly failed to produce.

In summary, the indicated declarations and associated exhibits state, in part, that Gun Club members recalled lead reclamation efforts in the late 1970's, and describe the Gun Club's detailed lead reclamation efforts between 2011 and 2015. *Passim.* The declaration of DEQ employee Brian Fuller, dated February 22, 2016, additionally states that DEQ never issued the

Page 4 – **OPINION AND ORDER**

Gun Club a permit pertaining to the Resource Conservation and Recovery Act because DEQ does not issue such permits for active shooting ranges. Decl. Fuller, p. 2 ¶3 (Dckt. # 76).

### ii.    Analysis

The Gun Club essentially asserts that Plaintiffs failed to pursue discovery on the issue. Def. Gun Club's Resp., p. 3 (Dckt. #98).   It also states that it produced documents containing information Plaintiffs now state they never received. *Id.* at 5.

The record now before this Court supports defendants' position. Plaintiffs rely upon one indicated citation to its own RFPs in establishing that it requested the now-disputed material addressing lead reclamation. Pls.' Mot., p. 4-5  (Dckt. #94-2) (citing Exhibit 5, *supra*).

As submitted, Exhibit 5 contains one RFP statement addressing lead reclamation. Pls.' Ex. 5, pp. 6, 11[1] (Dckt. #95-4). The Gun Club's RFP response objected to characterization of lead as "waste," but agreed to provide "documentation concerning its management practices on the site." *Id.*, p. 6 ¶8. Plaintiffs do not now dispute this response.

The record shows that the Gun Club produced documents relating to lead reclamation in 2008, 2009, 2011, and 2012. Specifically, Gun Club counsel Joseph Kellerman states that he produced the documents, and included copies of the Bates-stamped pages earlier produced. Decl. Kellerman, p. 2 ¶3-4 (Dckt. #74). Plaintiffs' Motion for Summary Judgment additionally indicates that it was aware of the 2008 and 2009 efforts. Pls.' Mot. Summ. J., p. 5, 25 (Dckt. #47).

Regarding its activities prior to this period, the Gun Club states that Plaintiffs could have pursued additional discovery, via interrogatories or deposition, prior to filing their unannounced

---

Motion for Summary Judgment on November 25, 2015. Def. Gun Club's Resp., 4 (Dckt. #98). The Court agrees.

Further, sanctions under the rule do not apply if the proposed conduct was "substantially justified." Fed. R. Civ. P. 37(c)(1). The Gun Club reasonably argues that this exception applies to declarations produced in 2016 describing its 2015 reclamation activities because they did not exist earlier in the discovery process. Def. Gun Club's Resp., 7-8 (Dckt. #98).

In summary, Plaintiffs' generalized argument that the Gun Club failed to supplement discovery disclosures under FRCP 26(e), and consequently runs afoul of FRCP 37, is without merit and unsupported.

## 2. City of Ashland Declarations

Plaintiffs' Motion for Sanctions pertaining to Fed. R. Civ. P. 37 also seeks discovery sanctions against defendant the City of Ashland pertaining to declarations of Ashland Public Works Superintendent Mike Morrison and City of Ashland associated legal counsel Sarah Henderson. Pls.' Mot. p. 9-10 (Dckt. # 94-2).

### i.    Declaration of Mike Morrison

Plaintiffs first assert that Mr. Morrison's declaration contains "quite a bit of information – most of which," Plaintiffs argue, should have been produced in response to earlier requests for production under Fed. R. Civ. P. 26. *Id.* at 9.   In support of this assertion, Plaintiffs state only, "information in #'s 4, 5, 6, 8, 9, 11, 13 all are [sic] responsive" to their requests for production. *Id.* This is an insufficient explanation.

The City replies that it responded to plaintiffs' requests, asking that plaintiffs specify the meeting and meeting dates requested. Def. City's Resp., p. 3-6 (Dckt. #102). The City attached a complete copy of its response to these requests for production. *Id.* at Ex. A 3-8 (Dckt. #102,

Page 6 – **OPINION AND ORDER**

pp. 11-30). Plaintiffs do not now respond. Pls.' Reply (Dckt. # 107). The City's Exhibit shows

that its production response stated that it would provide any RCRA permits that existed. Ex. A,

p. 3. The City's production response also stated, repeatedly, that it would make requested City

committee meeting notes available for inspection following Plaintiffs' specification of "which

body's minutes they want to review" and specification of "the requested time period. *Id.* at 4-12,

15-16.

The City further replies that its meeting notes, now contested as evidence by Plaintiffs, are

matters of public record accessible by Plaintiffs. Def. City's Resp., 3 (Dckt. #102).

Additionally, plaintiff Cathy DeForest was, in fact, present at the meetings described in the

exhibits. *Id.* Plaintiffs therefore had both knowledge of meeting discussions and access to

relevant documentation of these discussions. *Id.* at 6. The court agrees, and finds that any

alleged failure to disclose by the City under discovery protocol is therefore harmless.

### ii.    Declaration of Sarah Henderson

Finally, Plaintiffs assert that the declaration of associated legal counsel to the City, Sarah

Henderson, also submitted by the City in conjunction with motions for summary judgment,

"should be stricken from the record as moot." Pls.' Mot. 10 (Dckt. # 94-2). Plaintiffs do not

articulate rationale for this request as it pertains to a Rule 37 motion, and instead theorizes that a

later Environmental Protection Agency ("EPA") advisory letter supersedes the EPA opinion

letter attached to Ms. Henderson's declaration. *Id.* The City responds that the letters may be

distinguished; the first, 1998, letter is in fact incorporated into the subsequent 1997 letter. Def.

City's Reply, 8 (Dckt. # 102).

This argument pertains to relevance. Such questions are the province of neither Fed. R. Civ.

P. 37 nor motions for summary judgment. *See Burch v. Regents of the Univ. of Cal.*, 433

Page 7 – **OPINION AND ORDER**

F.Supp.2d 1110, 1119 (E.D. Cal. 2006) (discussing limited utility of relevance objections in preliminary motions and at summary judgment); *see also Ambrose v. J.B. Hunt Transport, Inc.*, No., 12-cv-1740, 2014 WL 585376, at *6 (D. Or. 2016)(Hubel, J).

Therefore, the Court declines to address the issue further at this juncture.

### b. Conclusion: Motion for Sanctions

In summary, Plaintiffs fail to establish that the declarations above should be removed from the record pertaining to summary judgment. Plaintiffs' motion and its associated requests are therefore denied.

### II.    Plaintiffs' Motion to Strike Declarations of Counsel (Dckt. #110)

While the above matter was pending before the Court, Plaintiffs filed an additional motion to strike declarations of counsel to the Gun Club. Pls.' Mot. to Strike Decl. of Joseph Kellerman and Eric Mitten (Dckt. #110). The Court denies this motion as without merit.

### III.   Defendant City of Ashland's Motion for Attorney Fees (Dckt. #102)

Finally, defendant the City of Ashland asks the Court to order Plaintiffs to pay its attorney fees in responding to the matters above because "the motions are frivolous as a matter of law." Def. City's Resp., p. 10 (Dckt. #102). The court believes that most, if not all, of these discovery disputes could have been informally resolved by the attorneys or, if needed, with court assistance. However, Plaintiffs created a difficult procedural situation by immediately filing a motion for summary judgement when the court indicated it would reschedule settlement conferences due to inclement weather on November 23, 2015. Dckt. # 45. Although Plaintiffs had the right to do so, and these motions can be an efficient way to resolve claims and save costs, Plaintiff counsel could well have completed some brief remaining discovery before proceeding

with dispositive motions.    The court however does not find bad faith or that the motion was

frivolous as a matter of law.

## ORDER

For the reasons above, Plaintiffs' Motion for Sanctions (Dckt. #94-2) is DENIED.

Defendants' associated request for attorney fees (Dckt. #102) is also DENIED.


DATED this _____ day of July, 2016.


MARK D. CLARKE
United States Magistrate Judge


Page 9 – **OPINION AND ORDER**