IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CATHY DEFOREST, LEON PYLE, and EDWARD KERWIN, | No. 1:11-cv-03159-CL<br>ORDER |
| Plaintiffs, | |
| vs. | |
| CITY OF ASHLAND, ASHLAND GUN CLUB, INC., CHUCK PARTLER, BILL LONGIOTTI, RICK GEORGESON, LEE TUNEBERG, MEL WINNER, MIKE LANIER, KEN KASTEEL, GEORGE FRITSCHI, and BOB MORRIS, | |
| Defendants. | |

AIKEN, Judge:

On July 25, 2016, Magistrate Judge Clarke filed an Opinion and Order ("Opinion") denying plaintiffs' motions for discovery sanctions and to strike and denying defendant City of Ashland's request for attorney's fees (doc. 115). The same day, Judge Clarke filed a Report and

1 - ORDER

Recommendation ("R&R") recommending this Court grant in part and deny in part plaintiffs' motion for judicial notice, deny defendants' motion to strike, deny plaintiffs' motion for partial summary judgment, and grant defendants' motion for partial summary judgment (doc. 116). The Opinion and the R&R are now before me pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. All defendants filed objections to the R&R, and the Gun Club defendants[1] filed objections to the Opinion. For the reasons set forth below, I decline to modify or set aside any part of the Opinion and adopt the R&R in full.

The Magistrates Act establishes procedures for district judges to review orders issued by magistrate judges. Depending on the nature of the order, review may be *de novo* or for clear error. As relevant here, the Opinion — which contains rulings regarding discovery, sanctions, and attorney's fees — is reviewed for clear error. 28 U.S.C. § 636(b)(1)(A); Fed R. Civ. P. 72(a). By contrast, for the R&R, I must review "*de novo* . . . those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004). For those portions of the R&R to which no party objected, the Act does not prescribe any standard of review. *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Following the recommendation of the Advisory Committee on the Federal Rules of Civil Procedure, I review those parts of the R&R for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note.

I find no clear error in the Opinion or in the R&R's analysis of the motion for judicial notice motions to strike, motion for discovery sanctions, or request for attorney's fees. In particular, Judge

---

[1] In this Order, the phrase "Gun Club defendants" refers collectively to defendant Ashland Gun Club and all individually named defendant board members of the Ashland Gun Club.

2 - ORDER

Clarke did not clearly err in finding defendants' failure to produce certain evidence in discovery was substantially justified. As Judge Clarke observed, the parties entered settlement negotiations within months of this case being filed and while discovery was still ongoing. Settlement negotiations continued for two and a half years, with Judge Clarke formally staying proceedings in August 2013. Judge Clarke stated that the Court "would not expect formal discovery to continue during the stay as the goal was to limit costs while a settlement was sought." Doc. 115 at 2. Judge Clarke also noted that plaintiffs never "follow[ed] up on or complet[ed] any remaining discovery or fi[ed] any motions to compel" before filing the motions for summary judgment and for sanctions. *Id.* Judge Clarke thus implicitly found that defendants' failure to supplement discovery was "substantially justified" by their reasonable understanding that discovery was stayed during settlement negotiations. That finding is not clearly erroneous. The challenged evidence remains part of the summary judgment record.

I further find no error in Judge Clarke's summary judgment reasoning. Defendants introduced substantial evidence that lead shot has been reclaimed and recycled at the Gun Club since the 1970s, with organized, well-documented reclamation occurring since at least 2008. Once defendants produced that evidence, the burden shifted to plaintiffs to "provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) (quoting Fed. R. Civ. P. 56). Plaintiffs have now had at two opportunities to meet that burden: when they filed a response to defendants' motions for partial summary judgment, and when they filed objections to the R&R. Each time, plaintiffs chose not to address the substance of the reclamation evidence. Instead, plaintiffs argued the bulk of the reclamation evidence should be excluded from the summary

judgment record, then argued the spent lead bullets were "solid waste" due to absence of evidence of reclamation and recycling. As explained, Judge Clarke rejected the argument the evidence should be excluded, and this Court will not disturb that ruling because it is not clearly erroneous. Plaintiffs therefore failed to carry their burden in opposing defendants' motion for summary judgment on the second claim for relief.

With respect to plaintiffs' claim under the Endangered Species Act, Judge Clarke applied the correct standard in requiring actual or "reasonably certain" imminent harm. *Marbled Murrelet v. Babbit*, 83 F.3d 1060, 1066 (9th Cir. 1996). In their response to defendants' motions for partial summary judgment, plaintiffs cited the following evidence in the summary judgment record: (1) maps and a report showing the Gun Club is located on a flood plain and (2) a screenshot of Washington state's Department of Ecology website stating that lead can affect the behavior, brain development, reproduction, and growth of animal species. That evidence does not show there is a triable issue of material fact with respect to whether harm to salmon is "reasonably certain." Judge Clarke correctly concluded plaintiffs' causal chain contains too many unsupported inferences to withstand a motion for summary judgment.

I ADOPT Judge Clarke's R&R (doc. 116). Plaintiffs' motion for judicial notice (doc. 62-1) is GRANTED in part and DENIED in part. Defendants' motion to strike (doc. 88) is DENIED. Plaintiff's motion for partial summary judgment (doc. 47) is DENIED. Defendants' motions for partial summary judgment (docs. 73 and 90), regarding plaintiffs' claims under the Resource Conservation and Energy Act (count 2 of the First Amended Complaint) and Endangered Species Act (count 3 of the First Amended Complaint) are GRANTED.

IT IS SO ORDERED.

Dated this 10 day of ~~October~~ November 2016.

*Ann Aiken* (signature)

Ann Aiken
United States District Judge

5 - ORDER