IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CATHY DEFOREST, LEON PYLE, AND EDWARD KERWIN,

Plaintiffs,

vs.

CITY OF ASHLAND, ASHLAND GUN CLUB, et al.,

Defendants.

Case No. 1:11-cv-03159-CL

**OPINION AND ORDER**

AIKEN, District Judge:

United States Magistrate Judge Mark E. Clarke filed his Findings and Recommendations ("F&R") on October 18, 2018 (doc. 176). In the F&R, Magistrate Judge Clarke recommended that this Court grant the motions by the Ashland Gun Club (doc. 144) and the City of Ashland ("City") (doc. 157) for summary judgment and deny plaintiffs' motion for summary judgment (doc. 151). The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Plaintiffs filed timely objections (doc. 183) to which Gun Club defendants responded (doc. 186), and the City fully adopted that response (doc. 187). The City defendants also filed

PAGE 1 – OPINION AND ORDER

objections (doc. 181), and Gun Club defendants fully adopted those objections (doc. 182). Plaintiffs responded to defendants' objections (doc. 188).

When any party objects to a magistrate judge's F&R, the District Court must make a *de novo* determination of the specified proposed findings or recommendations to which the objection is made. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiffs aver that Judge Clarke erred in finding that there was no evidence of a Clean Water Act violation. Plaintiffs contend that they have presented evidence of violations. I find no error in Clarke's thorough analysis of the record and find that Judge Clarke's determination is sound: "Plaintiffs have failed to identify evidence upon which a reasonable jury could conclude that Defendants discharged a pollutant from a point source into the wetlands of Emigrant Creek." F&R at 10 (doc. 176).

Defendants object to Judge Clarke's finding that the wetlands on defendants' property are jurisdictional and regulable under the Clean Water Act. Defendants specifically complain that the F&R erroneously applies the test for wetlands jurisdiction from *Rapanos v. United States*, 547 U.S. 715 (2006) and *N. California River Watch v. City of Healdsburg*, 496 F.3d 993, 997 (9th Cir. 2007). Having reviewed the objections, the F&R, and the record, I agree with Judge Clarke and find that the wetlands are jurisdictional.

The Court concludes that there is no basis to modify the F&R. The Court has also reviewed the pertinent portions of the record *de novo* and finds no errors in the F&R. Accordingly, the Court ADOPTS Magistrate Judge Clarke's F&R (doc. 176). Defendants' motions for summary judgment (docs. 144, 157) should be GRANTED. Plaintiffs' cross motion for summary judgment (doc. 151) should be DENIED. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 9th day of January 2019.

Ann Aiken
United States District Judge